UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LOUIS N.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 1:22cv33 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since September 13, 2018, the alleged onset date (20 CFR 404.1571 *et seq*.).

2

3. The claimant has the following severe impairments: major depressive disorder, posttraumatic stress disorder (PTSD), attention-deficit hyperactivity disorder (ADHD), anxiety disorder, and bipolar disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is able to perform work requiring simple instructions and routine, repetitive tasks, defined as tasks and instructions that can be learned through short demonstration, up to and including one month. He is unable to perform work requiring a specific production rate, such as assembly-line work; however, he is able to meet production requirements that allow a flexible and goal oriented pace. He is able to maintain the focus, persistence, concentration, pace and attention to engage in such tasks for two-hour increments, for eight-hour workdays, within the confines of normal work breaks and lunch periods. He is able to make only simple work-related decisions. He could respond appropriately to predictable, routine changes in the workplace. He could have only brief and superficial interactions with supervisors and coworkers, which is defined as occasional and casual contact with no prolonged conversations, but contact with supervisors still includes what is necessary for general instruction, task completion, or training. He could not perform tandem tasks. He should have no interaction with the general public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on July 24, 1972 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 13, 2018, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 12-20).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on July 9, 2022. On September 14, 2022 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on October 19, 2022. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in the formulation of the RFC. Plaintiff contends that his anger issues preclude him from all interaction with co-workers and that such a limitation should have been included in the RFC. A review of the ALJ's decision shows that the ALJ considered Plaintiff's reports of feeling agitation, anger, and irritability; that he was easily annoyed, lost his temper, lashes out, did not engage in social activities, had difficulty getting along with authority figures, but also that he was never fired or laid off from a job for social problems. (Tr. 13, 15, 46, 194, 198-200, 228-29, 818-19). The ALJ also considered Plaintiff's medical records—including treatment records from his psychiatrist and therapists. As the ALJ discussed, while these records reflected that Plaintiff often presented with angry or irritable mood or affect when he began treatment, he remained cooperative. (Tr. 16, 263, 288, 806, 843, 849, 870-71, 901-02, 908, 1063, 1065). Likewise, although Plaintiff had some difficulty finding the right combination of medication, once that combination was found Plaintiff appeared to improve and he presented at later sessions with happy mood and appropriate affect, with only occasional indicia of anxiety or depression. (Tr. 16, 260, 286, 809-10, 811, 815, 847, 851, 853, 857, 906, 954, 1061). The ALJ recognized, however, that Plaintiff's anger and irritably issues were not wholly controlled and appropriately accounted for his remaining issues in the RFC. (Tr. 16). The ALJ specifically accounted for Plaintiff's anger-related social limitations in the RFC by limiting Plaintiff to only brief and superficial interactions—defined as occasional and casual contact with no prolonged conversations—with supervisors and coworkers, no tandem tasks, and no interaction with the public. (Tr. 14). This assessment was reasonable, and the ALJ adequately explained her reasoning.

Plaintiff argues the record supports greater social limitations than those the ALJ assessed.

However, Plaintiff does not identify any evidence that the ALJ did not consider. It is Plaintiff's burden to show that the ALJ's findings are unsupported by substantial evidence, not that there is evidence from which the ALJ could have reached the opposite conclusion. *Olsen v. Colvin*, 551 F. App'x 868, 875 (7th Cir. 2014) (It is claimant's "burden to show that the ALJ's decision is not supported by substantial evidence."); *see also Burmester*, 920 F.3d at 510 ("[w]here substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled.") (internal quotations omitted; quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

Plaintiff disputes the ALJ's characterization of the evidence—but the ALJ's discussion was accurate. For example, Plaintiff claims the ALJ did not consider that Plaintiff was in therapy when he was cooperative; however, the ALJ was considering Plaintiff's therapy notes and was aware that they reflected Plaintiff's presentation at therapy. *See* Tr. 16 (ALJ noting Plaintiff saw a therapist in the sentence immediately preceding her discussion of Plaintiff's presentation in those therapy records). Plaintiff then highlights records reflecting that he presented as having abnormal mood—but then acknowledges that the ALJ considered these records.

Likewise, while Plaintiff points to three pages that he claims show he was not cooperative, he points to no record where either his therapist or his psychiatrist characterized him as such. Rather, consistent with the ALJ's discussion, every instance in which a mental status exam noted behavior, Plaintiff is indicated to be cooperative—even when he was agitated. (Tr. 16, 310, 342, 352, 530, 561, 608, 746, 821, 1369). The ALJ reasonably relied on the professional characterizations of Plaintiff's behavior and to do so was not error.

Plaintiff also points to reports he believes show he had greater social limitations —such as

6

his lack of friends and arrest for a dispute involving his daughter's allegedly abusive husband. However, the ALJ considered this evidence and noted that Plaintiff's angry and irritable moods often coincided with situational problems with family members. (Tr. 16). As the ALJ reasonably considered these records, and the record as a whole, Plaintiff's argument that they merited greater restrictions is an impermissible request for the Court to reweigh that evidence. "Even if reasonable minds could differ on the weight the ALJ gave to the medical evidence, we will not substitute our judgment for that of the ALJ's by reweighing the evidence." *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) (citing *Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020)). There is no basis for remand on this issue.

Next, Plaintiff argues that the ALJ erred in her evaluation of the opinion evidence. In her decision, the ALJ found the prior administrative findings from Drs. Hill and Garcia generally persuasive. (Tr. 18). As the ALJ discussed, Drs. Hill and Garcia found that, considering Plaintiff's mental impairments, he remained capable of work in an environment that did not involve close personal interactions with others or interaction with the general public; he could understand, remember, and carry out tasks; he could relate on at least a superficial, ongoing basis with supervisors and coworkers; he could attend to tasks for sufficient periods to complete them; and he could manage the stress of work. (Tr. 69, 82-83). The ALJ found these findings were generally persuasive for three reasons: (1) Drs. Hill and Garcia had an appropriate specialization as well as program knowledge; (2) they supported their findings with specific comments; and (3) their findings were consistent with the record. (Tr. 18). 20 C.F.R. § 404.1520c(c)*; see also Hall v. Astrue*, 489 F. App'x 956, 958 (7th Cir. 2012) (affirming ALJ's decision to give greater weight to non-examining state agency physicians' opinions "because those opinions were more

7

consistent with the objective medical evidence").

Plaintiff disagrees with the ALJ's assessment of Dr. Hill's and Dr. Garcia's findings, but ignores the ALJ's actual reasoning. As the ALJ's reasons for determining the state agency findings persuasive were consistent with the regulations and supported by the record, there is no error. 20 C.F.R. § 404.1520c(c)(2); *Hall v. Astrue*, 489 F. App'x 956, 958 (7th Cir. 2012) (affirming ALJ's decision to give greater weight to non-examining state agency physicians' opinions "because those opinions were more consistent with the objective medical evidence"). Plaintiff claims the ALJ found Dr. Hill's and Dr. Garcia's findings persuasive because they assessed the same paragraph B limitations as the ALJ found, they offered restrictions, and they have specialized knowledge. However, while the ALJ described Dr. Hill's and Dr. Garcia's findings as including the same paragraph B limitations as those she assessed, and identified the restrictions they opined, these were not the reasons the ALJ provided for finding those restrictions persuasive. (Tr. 18). Rather, the ALJ explained that the opinions were generally persuasive because not only were the doctors specialists with significant program knowledge but their opinions were supported and consistent with the record. (Tr. 18).

Plaintiff points to evidence he claims undermines the doctors' opinions. In doing so, however, he misconstrues the doctors' discussions—highlighting the limited evidence he claims is inconsistent with their findings rather than looking at those discussions as a whole. Plaintiff claims the doctors' opinions could not be supported because Plaintiff was reported in some records to have severe mood swings and he self-reported becoming easily agitated and being anxious around others. In addition to these facts, however, the state agency psychological consultants also noted findings that Plaintiff at times presented with normal mood and affect,

8

reported he was not angry on a daily basis and episodes did not last long, and he was able to interact with family including watching his grandchildren. (Tr. 82). These facts support the doctors' findings that Plaintiff should have limited interaction with others but was not totally precluded from working. While it may have been possible for the doctors to draw different conclusions from this evidence, their findings were not unreasonable. *Sanders v. Colvin*, 600 F. App'x. 469, 470 (7th Cir. 2015) ("[A]n ALJ's job is to weigh conflicting evidence, and the loser in such a process is bound to believe that the finder of fact should have been more favorable to his cause. The substantial-evidence standard, however, asks whether the administrative decision is rationally supported, not whether it is correct (in the sense that federal judges would have reached the same conclusions on the same record).").

The ALJ also reasonably considered the opinion from Plaintiff's psychiatrist, Dr. Recinto, and found it was not persuasive. (Tr. 17). In November 2018, a month after Plaintiff's alleged onset date, Dr. Recinto completed a form for Plaintiff's long-term disability provider regarding his conditions. (Tr. 930). In that form, Dr. Recinto identified Plaintiff's treatment, recommended Plaintiff stay home from work for one year from his alleged onset date and noted that Plaintiff could not perform work "at this time" based on Plaintiff's reports that "his main issue is stress and other people." (Tr. 930). Dr. Recinto further noted that Plaintiff could not perform any tasks related to his past work due to loss of concentration and focus related to stress. *Id*. Dr. Recinto completed similar forms at several other times, noting similar findings. (Tr. 581-82, 1046-47). The ALJ reasonably found these opinions partially persuasive. (Tr. 17). As the ALJ discussed, Dr. Recinto's opinions were supported by his identification of signs such as Plaintiff presenting as angry or irritable, and the medical evidence was consistent with Plaintiff having some issues

with agitation and irritability. (Tr. 17). However, the ALJ also appropriately considered that the record demonstrated that Plaintiff improved with treatment. (Tr. 16-17, 45-46, 260, 286, 809-10, 811, 815, 847, 851, 853, 857, 906, 954, 1061). Thus, the ALJ's determination that these opinions were partially persuasive was reasonable. The ALJ limited Plaintiff to only unskilled work to address his difficulties with stress and limiting Plaintiff to reduced social interaction to address his difficulties with working with others. (Tr. 14, 17).

Plaintiff disagrees with the ALJ's evaluation of Dr. Recinto's opinion but his only apparent basis for doing so is his claim that the ALJ could not discount the opinion due to it being part of a long-term disability claim. However, Plaintiff misconstrues the ALJ's decision and disregards the ALJ's actual reasoning. The ALJ did not discount Dr. Recinto's opinion for being part of a long-term disability claim; he merely stated that was the context of the opinion and did not make any implication that such context somehow undermined the value of the opinion. (Tr. 17). Plaintiff's argument thus fails and there is no basis for remand on this issue.

Plaintiff also argues that the ALJ should have found examining psychologist Dr. Boen's opinion persuasive. The ALJ considered Dr. Boen's opinion that Plaintiff could understand and remember job instructions and could get along with a supervisor, but would have difficulty concentrating, staying on task, getting along with coworkers and the public. (Tr. 17, 822). The ALJ also considered Dr. Boen's exam findings including Plaintiff's normal and cooperative behavior, anxious and nervous mood and affect, reports of some suicidal and paranoid ideation, moderately below normal concentration, and mildly below normal judgment. (Tr. 17, 821). In finding Dr. Boen's opinion partially persuasive, the ALJ appropriately considered that it was consistent with the record demonstrating Plaintiff presented as anxious and had difficulties with

10

stress, however the opinion was also vague (for example, it did not indicate what level of difficulty Plaintiff would have in any of the identified areas) and Dr. Boen did not support it with more particular comments or explanation. (Tr. 17). The ALJ thus accommodated this opinion by limiting Plaintiff to unskilled work with limited changes to address his stress-induced anxiety. *Id*. Plaintiff argues that Dr. Boen provided supportive comments by citing to Dr. Boen's exam findings—but these do not clarify the vagueness of Dr. Boen's opinion or offer insight into the level of limitation he was opining. Moreover, the ALJ explicitly considered most of these findings in assessing Dr. Boen's opinion. (Tr. 17). As the ALJ's reasoning was not unreasonable, there is no basis for remand on this issue. *See Burmester*, 920 F.3d at 510.

Next, Plaintiff argues that the ALJ improperly assessed Plaintiff's subjective allegations. ALJ findings regarding Plaintiff's subjective complaints are entitled to great deference. *See, e.g., Summers v. Colvin*, 864 F.3d 523, 528 (7th Cir. 2017) ("We give the ALJ's credibility finding 'special deference' and will overturn it only if it is 'patently wrong.'") (quoting *Eichstadt v. Astrue*, 534 F.3d 663, 667-68 (7th Cir. 2008)). *See also Reed v. Colvin*, 656 F. App'x 781, 788 (7th Cir. 2016) ("The ALJ's credibility assessment thus is tied to evidence in the record and is not patently wrong, so we will not disturb that assessment.") (citations omitted).

Here, the ALJ expressly acknowledged Plaintiff's reports of periodic anger or irritability and that his symptoms increased with the high demands of his previous jobs. (Tr. 16). The ALJ addressed these symptoms by limiting Plaintiff's social interactions and reducing the demand level of jobs—such that he was limited to performing only unskilled tasks with reduced decision making and changes. (Tr. 16, 18). Plaintiff complains that the ALJ did not explain why she did not adopt greater restrictions; but she was not required to do so. As discussed above, an ALJ need

only provide minimal articulation as to how the evidence supports the limitation she assesses, the ALJ does not need to explain why other limitations not supported by the evidence were not adopted. As noted, no medical source specifically opined that Plaintiff was limited to no interactions with coworkers or that Plaintiff required time off task. Thus there is no error in the ALJ's articulation as to these limitations.

With respect to Plaintiff's statements that the ALJ did not fully credit, the ALJ considered them in light of the record as a whole as required under SSR 16-3p. Although the ALJ used some boilerplate language consistent with the prior subjective symptom analysis, this is not fatal. *See Clemente A. v. Comm'r of Soc. Sec.*, No. 18 CV 6345, 2019 WL 3973117, at *3-*4 (N.D. Ill. Aug. 22, 2019) (collecting cases rejecting the premise that the use of this language was cause for remand). Because the ALJ supported her analysis, and in crediting some of Plaintiff's reports made clear that she did not require complete consistency, the boilerplate language is not cause for remand.

Likewise, Plaintiff's claim that the ALJ was required to identify every single one of Plaintiff's allegations and explain how the evidence specifically contradicted them is incorrect. The Seventh Circuit has clearly stated that "[c]redibility assessments need not be explicit, or particularized to specific testimony." *Sawyer v. Colvin*, 512 F. App'x 603, 608 (7th Cir. 2013). The same lax articulation standard that generally applies to the ALJ's decision applies equally to her subjective symptom assessment. *See Spies v. Colvin*, 641 F. App'x 628, 635 (7th Cir. 2016) (citing *Shideler v. Astrue*, 688 F.3d 306, 312 (7th Cir. 2012) (finding an ALJ was not required to identify which particular allegations were credible); *see also Tilley v. Colvin*, No. 1:13cv1775, 2015 WL 926178, at *5 (S.D. Ind. Mar. 3, 2015) ("It is not necessary that the ALJ recite findings

on every factor described in SSR 96–7p, or that he discuss every piece of evidence that might bear on credibility, or that he even specify exactly which of the claimant's statements were not credible.").

Here, the ALJ reasonably discounted Plaintiff's reports that his difficulties with anxiety, anger, focus, and concentration precluded him from performing any work. (Tr. 15-18). Substantial evidence supports this determination—including Plaintiff's improvement with treatment, activities (including watching his grandchildren, going to stores where there were few people, and self-regulation in seeking out appropriate medical care). (Tr. 13-18). The ALJ considered this evidence, and Plaintiff's treatment records, and found that while they supported some limitations, they did not support Plaintiff's claim that he was precluded from all work due to, for example, an inability to interact with others or concentrate sufficiently to perform unskilled work. Plaintiff argues that the ALJ's specific examples (such as his improvement with treatment and family triggers as to his anger) are mischaracterizations. However, the ALJ accurately noted that many of Plaintiff's anger issues stemmed from family situations.. Further, the ALJ also accurately in noted that Plaintiff improved with treatment—something Plaintiff himself testified to and which was also grounded in the medical records referenced by the ALJ. (Tr. 15 45-46, 260, 286, 809-10, 811, 815, 847, 851, 853, 857, 906, 954, 1061). As the ALJ's subjective symptom assessment was not patently wrong, there is no basis for remand.

<u>Conclusion</u>

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: October 28, 2022.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court